**Alla SIMONYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75652.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Alla Simonyan, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Edward C. Durant, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Alla Simonyan, a native of Georgia and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her applications for asylum, withholding of removal and relief under the Convention

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Against Torture ("CAT"). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's determination that extraordinary circumstances prevented Simonyan from filing her asylum application within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005).

Simonyan's evidence does not compel the conclusion that she is eligible for withholding of removal because she did not establish a "clear probability" that she will be persecuted on account of her religion, or any other protected ground, upon returning to Armenia. *See Hakeem,* 273 F.3d at 816–17.

Simonyan failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured by authorities or individuals acting in an official capacity if she returned to Armenia. *See* 8 C.F.R. § 208.18(a)(1).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.